# THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### WINSTON-SALEM DIVISION
### C. A. No. 10-145

| | |
|---|---|
| DOROTHY THOMPSON )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CREDITOR'S FINANCIAL )<br>GROUP, LLC )<br>Defendant. ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA"), 15 U.S.C. §§ 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and North Carolina General Statute §§ 58-70-90 *et seq.* Part 3, Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers (hereinafter "PPCA") by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff (hereinafter "Mrs. Thompson"). Mrs. Thompson, by and through her undersigned attorney, sues the Defendant, Creditor's Financial Group, LLC (hereinafter "Defendant CFG"), alleges, and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367. This Court also has supplemental

jurisdiction over the state law claims as those arise from a common nucleus of operative facts.

2. This action arises out of Defendant CFG's violations of the FDCPA and the PPCA in its illegal efforts to collect a consumer debt from Mrs. Thompson.

3. Venue is proper in this District because the acts and transactions occurred here, Mrs. Thompson resides here, and Defendant transacts business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d) and within the applicable statute of limitations for claims arising under North Carolina law.

## PARTIES

5. Mrs. Thompson is a natural person who resides in the City of Winston-Salem, County of Forsyth, State of North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692k, N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

6. Upon information and belief, Defendant CFG is a foreign corporation organized under the laws of the State of New York.

7. Defendant CFG, upon information and belief, maintains its principal place of business at 3131 S. Vaughn Way, Ste. 110, Aurora, Colorado 80014 and may be served with process in care of its registered agent: CT Corporation System, 150 Fayetteville Street, Box 1011, Raleigh, North Carolina 27601.

8. Defendant CFG is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

9. Defendant CFG regularly attempts to collect consumer defaulted debts alleged to be due to another.

10. Defendant CFG is registered as a collection agency with the North Carolina Department of Insurance, permit number 3694.

11. Defendant CFG was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and a "collection agency" as that term is defined in § 58-70-90(1).

## FACTUAL ALLEGATIONS

12. Mrs. Thompson is a "consumer" or other person as that term is defined in 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2).

13. Mrs. Thompson incurred a credit card debt on a Sears' charge account.

14. Mrs. Thompson used the Sears card for personal, family and household purposes.

15. The account went into default.

16. The account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and N.C. Gen Stat. § 58-70-90(3).

17. The account was sold or otherwise transferred or placed with Defendant CFG.

18. Mrs. Thompson, an elderly widow who fell on hard times, retained the services of the undersigned prior to defaulting on her account for all legal matters arising from the account.

19. On October 27, 2009, Defendant CFG telephoned Ms. Robyn Wilson (Mrs. Thompson's daughter) and said they were calling in regards to an account that Defendant CFG has with "Dorothy B. Thompson".

20. Defendant CFG asked Ms. Wilson to give a message to her mother.

21. Ms. Wilson informed Defendant CFG that they should communicate through her mother's attorney and provided contact information for the attorney.

22. Defendant CFG went further and asked Ms. Wilson if her mother was filing for bankruptcy.

23. On October 27, 2009, John Norek, who identified himself as a debt collector with Defendant CFG, called the undersigned and inquired about Mrs. Thompson's ability to pay.

24. Mr. Norek provided the telephone number of 877-298-2251 as his phone number.

25. The telephone number 877-298-2251 is assigned to Defendant CFG.

26. The undersigned informed Mr. Norek that Mrs. Thompson had no means to settle the account.

27. Mr. Norek indicated he would notify his client.

28. On October 28, 2009, despite having already communicated directly with Mrs. Thompson's attorney, Defendant CFG called Mrs. Thompson and left a message on her telephone telling her to call them.

29. When Mrs. Thompson returned the telephone call to Defendant CFG, they deceptively informed her that they did not have contact information for her attorney.

30. Mrs. Thompson became embarrassed that Defendant CFG informed her daughter of her indebtedness.

31. Mrs. Thompson felt frustrated because Defendant CFG involved her daughter in her financial affairs and bothered her daughter about Mrs. Thompson's business.

32. Mrs. Thompson was upset and bothered that Defendant CFG would not speak to her only by means of her attorney.

### *Respondeat Superior Liability*

33. The acts and omissions of the individual debt collectors employed as agents by Defendant CFG who communicated with Mrs. Thompson as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CFG.

34. The acts and omissions by Defendant CFG's debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CFG in collecting consumer debts.

35. By committing these acts and omissions against Mrs. Thompson, Defendant CFG's debt collectors were motivated to benefit their principal Defendant CFG.

36. Defendant CFG is therefore liable to Mrs. Thompson through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including, but not limited to, violations of the FDCPA and PPCA, in the illegal attempts to collect this debt from Mrs. Thompson.

## TRIAL BY JURY

37. Mrs. Thompson is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT ONE

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq*.

38. Mrs. Thompson incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(a)(2), 1692c(b), 1692e, 1692e(10), amongst others.

40. As a result of Defendant's violations of the FDCPA, Mrs. Thompson is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each and every Defendant and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

### COUNT TWO

### VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTE

41. Mrs. Thompson incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

42. Defendant CFG is a collection agency as defined by N.C. Gen. Stat. § 58-70-15(a).

43. Defendant CFG's conduct as alleged above violated N.C. Gen. Stat. § 58-70-105(1), N.C. Gen. Stat. § 58-70-105(2), and N.C. Gen. Stat. § 58-70-115(3).

44. Defendant CFG otherwise violated N.C. Gen. Stat. §§ 58-70-1 to 58-70-130, and/or §§ 75-50 to 75-56, and accordingly Mrs. Thompson is entitled to recovery of a civil penalty up to four thousand dollars for each violation under N.C. Gen. Stat. § 58-70-130(b) and reasonable attorney's fees under Chapter 75 and N.C. Gen. Stat. § 58-70-130(c).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Mrs. Thompson prays that judgment be entered:

1. for an award of statutory damages of $1,000.00 per violation from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. for an award of costs of litigation and reasonable attorney's fees from each and every Defendant jointly and severally pursuant to 15 U.S.C. § 1692k(a)(3);

3. for an award of statutory damages of $4,000.00 per violation pursuant to N.C. Gen. Stat. § 58-70-130(b);

4. for an award of costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 58-70-130(c);

5. for an award of the costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each and every Defendant jointly and severally; and

6. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 21st day of February, 2010.

          MARTIN ATTORNEY AT LAW, PLLC
          By:    /s/ Angela O. Martin
               Angela O. Martin, Esq.
               NC Bar 34951
               Attorney for Mrs. Thompson
               Martin Attorney at Law, PLLC

1911 Keller Andrews Road
Sanford, North Carolina 27330
(919) 708-7477, FAX: (888) 872-4232
angela@angelamartinlaw.com